

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LOUIS E. DeROSE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 6210 |
| ) | |
| THE OFFICE OF THE STATE'S ATTORNEY ) | The Honorable William J. Hibbler |
| OF COOK COUNTY, an agency of the State ) | |
| of Illinois, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff DeRose, a former Cook County Assistant State's Attorney ("ASA"), brings this action against the Office of the State's Attorney of Cook County ("OSA"), alleging that the OSA discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, when it fired him in February 2007. The OSA moves to dismiss his claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that he was not an "employee" under the ADEA, and he thus cannot state a claim under the statute. For the following reasons, the Court GRANTS the OSA's motion with prejudice.

### *BACKGROUND*

DeRose's complaint sets forth the following relevant facts. DeRose served as an Assistant State's Attorney in the OSA from 1975 until 1980, when he resigned in good standing. He was rehired in 1982, and served in his position until February 2007, when the OSA laid him off, purportedly as a result of budget cuts. During his time at the OSA, DeRose either met or exceeded the legitimate expectations of the office. At the time of his termination, DeRose was sixty years old. A significant portion of the OSA staff laid off at the same time was over the age

1

of forty. Shortly after the layoffs, the OSA hired younger attorneys to replace the terminated employees. Upon information and belief, DeRose alleges that he was replaced by a younger ASA. Thus, DeRose claims that he was fired because of his age and the fact that his salary was higher than that of less senior ASAs.

## *DISCUSSION*

### I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

### II. Exceptions under the ADEA

The OSA argues that DeRose is unable to state a claim because ASAs fall, as a matter of law, within an exception to the term "employee" as defined in the ADEA. The OSA cites to Section 630(f) of the ADEA, which states, in relevant part:

> the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include

2

> employees subject to the civil service laws of a State government, governmental agency, or political subdivision.

29 U.S.C. § 630(f). The Court agrees.

In *Americanos v. Carter*, 74 F.3d 138 (7th Cir. 1996), the plaintiff, a former Indiana Deputy Attorney General (DAG), claimed that he was fired because of his age, gender, national origin, and political affiliation. The court first analyzed his claim regarding discrimination on the basis of political affiliation, which he made pursuant to 42 U.S.C. § 1983, alleging a violation his First Amendment right to free speech. *Id.* at 140-43. The court, following a line of U.S. Supreme Court cases, found that the plaintiff could not state a claim if his position "authorize[d], either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Id.* at 141 (quoting *Heideman v. Wirsing*, 7 F.3d 659, 663 (7th Cir. 1993). In addressing that issue, the court determined that it must "examine the powers inherent in a given office, rather than the actual functions the occupant of that office performed." *Id.* (quoting *Heck v. City of Freeport*, 985 F.2d 305, 309 (7th Cir. 1993)) (internal quotation marks omitted). The court therefore ignored the fact that the plaintiff was one of over eighty DAGs, as well as his argument that his particular role as a DAG was limited and apolitical, and focused instead on whether DAGs could potentially play a role in policy discussions. *Id.* at 141-42. The court concluded that "DAGs have the direct ability to implement the policies and goals of the AG for the State of Indiana" and affirmed the dismissal of plaintiff's claims of discrimination on the basis of political affiliation. *Id.* at 142-43. The court then summarily affirmed the dismissal of the plaintiff's claims under the ADEA because "the reasons for exempting the office from the patronage ban apply with equal force to the requirements of the ADEA." *Id.* at 144.

Thus, the Court need only determine whether ASAs in Illinois similarly "have the direct ability to implement the policies and goals" of the State's Attorney that they serve. DeRose argues that he does not have this ability, relying in large part on the fact that he was a low-level ASA with little authority in an office of hundreds of ASAs. He also relies on case law from other appellate circuits to argue that, at the very least, the inquiry into his policymaking authority presents a question of fact that the Court cannot resolve at this stage in the proceedings. However, contrary to DeRose's contentions, the Seventh Circuit resolved this inquiry in favor of the OSA in *Livas v. Petka*, 711 F.2d 798, 800-01 (7th Cir. 1983). In *Livas*, the court found that Illinois ASAs were, as a matter of law, exempt from the patronage ban addressed in *Americanos* because "an Assistant State's Attorney may, in carrying out his or her duties, make some decisions that will actually create policy." *Id.*

As noted above, the *Americanos* court then rejected exactly the type of argument DeRose makes here, holding that "if some DAGs can be terminated because of their political affiliation, all can be." 74 F.3d at 141. Thus, in the instant case, just as in *Americanos*, the fact that there are a large number of ASAs and the fact that DeRose was a low-level or apolitical ASA are irrelevant. Moreover, here, just as in *Americanos*, the test for determining whether an employee is exempt from the ADEA is the same as the test for determining whether they are exempt from the patronage ban. Given that *Livas* establishes that ASAs are exempt from the patronage ban, DeRose is unable to state a claim under the ADEA. *See Bervid v. Alvarez, et al.*, No. 08 C 7076, --- F. Supp. 2d ---, 2009 WL 2602450, *6 (N.D. Ill. Aug. 20, 2009) (dismissing similar claims of discrimination against the OSA on the same grounds).

## *CONCLUSION*

For the above reasons, the Court GRANTS the OSA's motion to dismiss with prejudice.

IT IS SO ORDERED.

__11/13/09__                  _Wm. J. Hibbler_
Dated                             Hon. William J. Hibbler
                                    United States District Court